## ARE CITY FUNDS AVAILABLE FOR WHICH BONDS HAVE BEEN AUTHORIZED.

[Circuit Court of Lorain County.]

JOHN W. EMMERT, JR., v. THE CITY OF ELYRIA ET AL.

Decided May 8, 1905.

*Street Improvements—Discretion Given Board of Public Service—As to Material to be Used—Section 45a òf the Municipal Code—Relating to Availability of Municipal Funds—Open to a Dual Interpretation—Officials not Bound to Adopt Correct Interpretation at Their Peril.*

1. The fact that council in authorizing a street improvement did not decisively specify the kind of material to be used, can not be held, in a suit by a tax-payer who has watched the contract to completion, to invalidate the action of the board of public service in awarding a contract for one of the materials named by council.

2. Section 45a of the Municipal Code, relating to the requirement that the funds for an improvement be in the city treasury before the work is undertaken, is fairly open to two constructions; and where a city solicitor in good faith advises the board of public service that the funds for a proposed improvement may properly be certified as in the treasury, whereas the bonds therefor have been lawfully authorized but have not yet been sold, the issuance of a certificate by the city auditor that the funds for the improvement are then available is not sufficient, should this interpretation be erroneous, to sustain a charge of fraud and thereby invalidate the contract.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is an appeal from the Lorain County Common Pleas Court. Plaintiff, as a resident tax-payer of the city of Elyria, in said county, having applied in vain to the city solicitor to bring suit, commenced this action to enjoin further payments to the Barber Asphalt Company· on its contract of July 7th, 1904, with said city for the improvement of Middle avenue. Said contract is claimed to be void because:

First. The ordinance failed to specify definitely the kind of material to be used.

Second. Because no plans and specifications were on file as provided by the ordinance.

. Third.   Because no valid or seasonable certificate, as required by Section 45 of the Municipal Code, was filed by the city auditor, showing that there was sufficient money then available in the city treasury for said improvement.

Fourth.   Because, to the knowledge of the asphalt company, when it entered into said contract, there was, in fact, no sufficient amount of money then available for said purpose.

The evidence shows that the ordinance of the city of Elyria passed May 10th, 1904, orders the construction of a pavement on Middle avenue in accordance with the prior ordinance passed April 12th, 1904.   The ordinance of May 12th, 1904, specifically describes in detail the kind and other particulars of the improvement, and also orders the pavement to be constructed in accordance with the plans, specifications, etc., therein adopted. Section 6 of said ordinance of April 12th, 1904, reads as follows:

"That the plans, specifications, profiles, estimates heretofore prepared by the city engineer and now on file in the office of the board of public service be and the same are hereby approved."

The resolution of necessity passed March 22d, 1904, provided for "brick, asphalt, or other material as may be hereafter determined."

It is true that these proceedings did not decisively specify the kind of material to be used, but allowed the board of public service to exercise its discretion in choosing one of the materials named.   This, it is claimed, was an unwarrantable delegation by council of its legislative authority.   But council having at least authorized the use of the material that was in fact adopted, we can not now, at the suit of plaintiff, brought after he and all whom he represents, had watched this contract to its completion, give countenance to the claim that such authority was invalidated merely because the board was sought to be invested with a discretion whereby it might have chosen some other material.   The advantages to be derived by the city from competitive bidding are plainly enhanced by clothing the board with a latitude of choice as to materials, and the Legislature has, in some measure at least, set the seal of its ap-

proval upon the practice, in Section 60 of the Municipal code, as amended April 21, 1904 (97 O. L., 123). This section provides that special assessments theretofore or thereafter made shall not be invalidated by this practice; and, under the circumstances here, we hold that the contract in this case is also unaffected thereby.

The evidence further shows that there was no sufficient warrant in fact for the allegations of the petition that plans and specifications of the improvement were not regularly on file, and we find the contrary to be true.

It also appears from the evidence, that a certificate was made by the auditor in due form, showing that there was sufficient money in the city treasury to pay for the improvement, but that such certificate was not made until after the council proceedings were all had and the contract for the improvement was about to be let. We deem it unnecessary now to discuss the objection to which this situation gives rise, inasmuch as this court expressly held at a recent term in this county, in the case of *Braman* v. *Elyria,* 5 C. C.—N. S., 387, that a certificate thus filed is in due season.

The question of real difficulty, however, in the present case arises from the circumstance that the certificate filed was untrue in fact to the knowledge of all parties, unless it falls within the saving of Section 45a of the code, as contained in the amendment of October 22d, 1902. This section provides that "money to be derived from lawfully authorized bonds or notes sold and in process of delivery shall, for the purpose set forth in Section 45 of this act, be deemed in the treasury and in the appropriate fund."

With much ingenuity and plausibility it is argued on behalf of the defendants that the hindrances to municipal improvements, sought to be obviated by this amendment are, on the one hand, those occasioned by the necessity of prolonged advertising in the case of the sale of bonds, and, on the other hand, those incident to the practice of selling municipal notes for future delivery from time to time as the money is actually needed by the city for disbursement in the course of its business, thus saving the interest on premature loans.

In other words, this contention assumes that in two distinct classes of cases the money may be deemed in the treasury for the purposes of Section 45, viz., first, when bonds have been lawfully authorized, and secondly, when notes are sold and in process of delivery.

In the present case it is conceded that bonds had been lawfully authorized, but they were not sold and in process of delivery when the certificate was filed.

It is claimed by plaintiff on the other hand, that the two qualifying phrases "lawfully authorized" and "sold and in process of delivery" apply to bonds and notes alike.

The city solicitor, however, took the former view, and so advised the board of public service, at their request, before the contract was let. He is by law made the legal adviser of that body, and they acted in good faith in accordance with his view. The asphalt company, as we find, likewise acted in good faith upon a similar interpretation of the statute.

There was no actual fraud. Section 45 was literally complied with. The only question remaining, is whether constructive fraud can be predicated of this erroneous interpretation of the statute, if it was erroneous. We do not find it necessary to construe Section 45a further than to say that it is fairly open to either interpretation, and we can not hold that the parties were bound to interpret it correctly at their peril.

They were entitled, under the circumstances, to rely upon the literal compliance with Section 45. The fact that the certificate filed in accordance with that section might possibly prove to be false, when the parties in good faith and upon legal advice, provided for by law, believed it to be true, is not sufficient to sustain the charge of fraud and thereby invalidate this contract. The petition will therefore be dismissed.

*D. J. Nye*, for plaintiff.

*E. G. & H. C. Johnson, W. B. Johnston* and *F. M. Stevens,* for defendants.